Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice* to be filed)
kwisniewski@thompsoncoburn.com
John W. Rogers (*pro hac vice* to be filed)
jrogers@thompsoncoburn.com
Stephen A. D'Aunoy (*pro hac vice* to be filed)
SDAunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| DOLORES GRANILLO, ALBERT GRANILLO, and DESIREE NAVA, individually, and on behalf of a class of similarly situated individuals, | Case No. 5:15-cv-02017 |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| FCA US LLC, a Delaware limited liability company, and DOES 1-10, inclusive, | |
| Defendants. | |

Defendant FCA US LLC, pursuant to 28 U.S.C. §§ 1441 and 1453, hereby removes this case to this Court.  This Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## I.  BACKGROUND

1.    On July 28, 2015, Plaintiffs Dolores Granillo, Albert Granillo, and Desiree Nava ("Plaintiffs") filed a Class Action Complaint in the Superior Court of the State of California, San Bernardino County, known and numbered as *Dolores Granillo, et al. v. FCA US LLC, et al.,* Case No.  CIVDS-1510614.

2.    FCA US was served with process and a copy of Plaintiffs' Complaint on September 11, 2015.  No other pleadings, process, or orders have been served or entered.  A copy of the Complaint and process served on FCA US are attached hereto as Exhibit 1.  *See* 28 U.S.C. § 1446(a).

**A.    Allegations In The Complaint.**

3.    Plaintiffs own model-years 2014 (Nava) and 2015 (Granillos) Jeep Cherokee vehicles.  *See* Complaint, ¶¶ 22, 33.  They bring claims based on allegations that the "ZF 9HP Automatic Transmission" installed in each of their vehicles has a defect.  *See* Comp.  According to Plaintiffs, the "ZF 9HP Automatic Transmission contains one or more design and/or manufacturing defects" which result in a host of symptoms including difficulty in shifting, noisy shifting, harsh engagement of gears, sudden acceleration and deceleration, loss of power, premature transmission wear, and transmission failure.  *Id.* at ¶ 8.

4.    Plaintiffs are residents of Hesperia (Granillos), and Oceanside (Nava) California.  *Id.* at ¶¶ 22, 32.  They allege that, within a few months of purchase, their vehicles manifested shifting, transmission noise, acceleration, "jerking" and/or transmission shut-down issues.  *Id.* at ¶¶ 27-29, 37-38.

5.    Based on these core allegations, Plaintiffs assert claims for:  violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.; violation of

the Unfair Competition Law, Business and Professions Code § 17200, *et seq*.; breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.1, *et seq*.; breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303 *et seq*.; breach of express warranty under Cal. Comm. Code § 2313; and unjust enrichment.  *See* Comp., ¶¶ 82-156.

6.     Plaintiffs bring their claims on behalf of themselves and a class of persons defined as:  "All individuals residing in the State of California who purchased or leased any FCA vehicle equipped with a ZF 9HP Automatic Transmission."[1]  *Id.* at ¶ 74.

7.     For relief, Plaintiffs seek, among other things, "a declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the ZF 9HP Automatic Transmission," an injunction compelling FCA US to conduct a recall, "compensatory, exemplary, and statutory damages," "a declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of its Class Vehicles," "full restitution," "attorneys' fees and costs," and "pre-judgment and post-judgment interest."  *Id.*, Prayer for Relief.

8.     According to Plaintiffs, each of their individual claims, standing alone, "meets or exceeds the sum or value of $25,000."  *Id.* at ¶ 134.

**B.     Facts Related To Number of Class Members And Transmission Costs.**

9.     There were more than 20,000 model-year 2014 and 2015 Cherokee vehicles sold or leased to individuals or businesses in the State of California having the same type of transmission as that installed in Plaintiffs' vehicles.  In addition, the same or similar transmission was installed in at least 10,000 other vehicles sold or leased to individuals or businesses in the State of California.

---

[1]Plaintiffs also plead claims on behalf of two sub-classes.  *See* Comp., ¶ 74.

10.    The cost to replace a "ZF 9HP Automatic Transmission" in the State of California is at least $4,000, and depending on the vehicle, can be in excess of $5,000.

## II.  GROUNDS FOR REMOVAL

11.    This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), commonly referred to as the Class Action Fairness Act ("CAFA").

12.    Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

13.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, – U.S. –, 135 S.Ct. 547, 551 (2014).

14.    Plaintiffs are citizens of the State of California. *See* Comp., ¶¶ 22, 32. FCA US is a citizen of the State of Delaware under whose laws it was organized and the State of Michigan where it has its principal place of business. Thus, the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

15.    There are more than 100 members of the putative class as required by 28 U.S.C. § 1332(d)(2)(5)(b). Plaintiffs purport to represent "[a]ll individuals residing in the State of California who purchased or leased any FCA vehicle equipped with a ZF 9HP Automatic Transmission." *See* Comp., ¶ 74. There are more than 30,000 individuals fitting within this class definition.

16.     The amount put into controversy by Plaintiffs' claims for relief far exceeds the sum or value of $5,000,000, exclusive of costs and interest.  Plaintiffs do not specify the exact remedy they are seeking but allege that the transmissions at issue have significant, inherent defects which can result in transmission failure, making clear that Plaintiffs may seek to have the transmissions completely replaced.  *See* Comp., ¶ 8.  Using even the low end cost of such a repair puts tens of millions of dollars into controversy.

17.     Furthermore, Plaintiffs seek "a declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the transmission," "compensatory, exemplary, and statutory damages," and "a declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of its Class Vehicles."  Such relief would have to average only $167 per putative class member in order to satisfy the $5,000,000 in controversy requirement ($167 x 30,000 = $5,010,000).  And, notably, according to Plaintiffs the amount in controversy for each of their own individual claims "meets or exceeds the sum or value of $25,000."  *See* Comp., ¶ 134.

18.     It is clear that the relief sought by Plaintiffs and the putative class easily exceeds the jurisdictional threshold of $5,000,000.

19.     Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy exceeds the sum of $5,000,000, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

20.     No statutory exception to CAFA jurisdiction applies in this case.

### III.  REMOVAL IS PROPER AND TIMELY

21.     This Notice of Removal is filed within thirty days of September 11, 2015, the date on which FCA US was first served with a summons and the Complaint.  Thus, it is timely filed.

22.    FCA US will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, San Bernardino County, and provide written notice of the removal to all counsel of record.

23.    The United States District Court for the Central District of California, Eastern Division, embraces the county and court in which Plaintiffs filed this case. 28 U.S.C. § 84(c).  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the above described action now pending against FCA US LLC in the Superior Court of the State of California, San Bernardino County, is removed to the United States District Court for the Eastern District of California.

Dated:  September 30, 2015                    **THOMPSON COBURN LLP**

By:  */s/ Rowena Santos*
Rowena Santos
Kathy A. Wisniewski
John W. Rogers

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA,**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 19th Floor, Los Angeles, California 90067.

On September 30, 2015, I served the foregoing document(s) described as:

### NOTICE OF REMOVAL

on the interested parties to this action as follows:

Jordan L. Lurie, Esq.
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl, Esq.
Robert.Friedl@capstonelawyers.com          *Attorneys for Plaintiffs,*
Tarek H. Zohdy, Esq.                       *Dolores Granillo, Albert*
Tarek.Zohdy@capstonelawyers.com            *Granillo, and Desiree Nava*
Cody R. Padgett, Esq.
Cody.Padgett@capstonelawyers.com
**CAPSTONE LAW APC**
1840 Century Park East, Suite 450
Los Angeles, CA 90067

☒ **(BY CM/ECF NOTICE OF ELECTRONIC FILING)** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2015, at Los Angeles, California.

_____
              */s/ Lauren A. Stevens*
              Lauren A. Stevens