United States District Court
Central District of California
Eastern Division                                   JS-6

| | |
|---|---|
| Dolores Granillo et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>FCA U.S. LLC, et al.<br><br>  Defendants. | EDCV 15-02017-VAP (DTB)<br><br>**Order Granting Defendant's Motion to Transfer and Denying Defendant's Motions to Dismiss** |

On November 5, 2015, defendant FCA U.S., LLC ("Defendant") filed a Motion to Dismiss and a Motion to Transfer this putative class action. (Doc. Nos. 16, 18.) On December 17, 2015, Defendant filed a second Motion to Dismiss. (Doc. No. 27.)

For the reasons set forth below, the Court GRANTS Defendant's Motion to Transfer and DENIES Defendant's Motions to Dismiss. This action is hereby transferred to the District of New Jersey.

1

## I. PROCEDURAL BACKGROUND

On July 28, 2015, Plaintiffs Dolores Granillo, Albert Granillo, and Desiree Nava (collectively "Plaintiffs") filed a putative Class Action Complaint in the California Superior Court for the County of San Bernardino. (Doc. No. 1-1 ("Compl.").) According to the Complaint, Plaintiffs own several Jeep Cherokee vehicles designed, manufactured, and marketed by Defendant. (Id. ¶¶ 22-40.) The Complaint alleged the "ZF 9HP Automatic Transmission" of Plaintiffs' vehicles contains design and manufacturing defects, and asserted the following six claims: (1) violations of the California Consumer Legal Remedies Act ("CLRA"); (2) violations of the California Unfair Competition Law ("UCL"); (3) breach of implied warranty, in violation of the California Song-Beverly Consumer Warranty Act; (4) violation of the federal Magnuson-Moss Warranty Act; (5) breach of express warranty; and (6) unjust enrichment. (Id. at 1.) Plaintiffs claimed to represent a class of persons residing in California who had purchased or leased a vehicle from Defendant containing a ZF 9HP Automatic Transmission.[1] (Id. ¶ 74.)

---

[1] The Complaint also claimed to represent the following two sub-classes of persons within this general class: (1) all members

On September 30, 2015, Defendant removed the action to this Court.  (Doc. No. 1.)

On November 5, 2015, Defendant filed a Motion to Transfer this action to the U.S. District Court for the District of New Jersey pursuant to the "first-to-file" rule, contending there is a similar putative class action against Defendant pending in the District of New Jersey.  (Doc. No. 16.)  Defendant also filed a supporting Request for Judicial Notice ("RJN").[2]  (Doc. No. 17.)  On November 23, 2015, Plaintiffs filed an

---

of the general class who are "consumers" within the meaning of California Civil Code section 1761(d); and (2) all members of the general class who purchased or leased their vehicles in California. (Compl. ¶ 74.)

[2] The Court GRANTS Defendant's Request for Judicial Notice filed in support of its Motion to Transfer.  In the Request, Defendant requests judicial notice of three documents pertaining to a related lawsuit pending in the District of New Jersey and a copy of the Complaint filed in this action (styled as Exhibits A, B, C, and D).  The New Jersey action is titled Oquendo v. Chrysler Group LLC, No. 15-5056-FLW (DEA) (D.N.J.).  (See RJN, Ex. A.)

The three documents pertaining to the New Jersey action are proper subjects of judicial notice.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")

Opposition to Defendant's Motion to Transfer.  (Doc. No. 22.)  On November 30, 2015, Defendant filed a Reply to Plaintiffs' Opposition.  (Doc. No. 23.)

Concurrently, on November 5, 2015, Defendant filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and a supporting Request for Judicial Notice.  (Doc. Nos. 18, 19.)  On November 23, 2015, Plaintiffs filed a First Amended Class Action Complaint ("FAC"), asserting largely the same allegations as the Complaint, but omitting the claim for unjust enrichment.  (Doc. No. 21.)

On December 14, 2015, the Court held a hearing on Defendant's Motion to Dismiss and Motion to Transfer and took the matters under submission.  (Doc. No. 26.)

---

(internal citation omitted).  The fourth of these documents – Plaintiffs' original Complaint in this action – has already been filed with the Court and need not be judicially noticed.  (See Doc. No. 1-1.)

4

On December 17, 2015, Defendant filed a Motion to Dismiss the FAC and a supporting Request for Judicial Notice.[3]  (Doc. Nos. 27, 28.)

## II.     LEGAL STANDARD

**A.     Motions to Transfer and the "First-to-File" Rule**

As a matter of comity, the "first-to-file" rule allows a district court to transfer, stay, or dismiss an action when a similar complaint has been filed in another federal court.  Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.3d 622, 623 (9th Cir. 1991).  A district court looks to three threshold elements when deciding whether to apply the first-to-file rule: (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues.  Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); Alltrade, 946 F.2d at 625–26.

"[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity."  Adoma v. Univ. of Phoenix,

---

[3] The Court DENIES Defendant's Requests for Judicial Notice filed in support of its Motions to Dismiss because the Court ultimately concludes Defendant's Motions to Dismiss are moot.

Inc., 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); see also Pac. Coast Breaker, Inc. v. Conn. Electric, Inc., No. 10–3134-KJM-EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The [first-to-file] rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (internal citations omitted).  "In a collective action, the classes, and not the class representatives, are compared." Adoma, 711 F. Supp. 2d at 1147.

## III.   DISCUSSION

### A.   Defendant's Motion to Transfer

#### 1.   Defendant's Contentions

In its Motion to Transfer, Defendant argues this action should be transferred to the District of New Jersey pursuant to the "first-to-file" rule.  (Mot. to Transfer at 5-12.)  In support, Defendant contends a similar putative class action has been filed against it by another plaintiff in the District of New Jersey, entitled Oquendo v. Chrysler Group LLC, No. 15-5056-FLW (DEA) (D.N.J.) ("Oquendo").  (Id.) Stacey Oquendo, the sole plaintiff and putative class representative in

6

Oquendo, initiated the action in the Superior Court of New Jersey[4] on May 15, 2015 – several months before Plaintiffs' filing of this action in the California Superior Court for the County of San Bernardino on July 28, 2015. (See RJN, Ex. B.)

Oquendo asserts the following four claims arising from alleged defects in the transmission system of a 2014 Jeep Cherokee vehicle she purchased from Defendant: (1) breach of express warranty, under New Jersey law; (2) breach of the implied warranty of merchantability, under New Jersey law; (3) fraud and violation of the New Jersey Consumer Fraud Act; and (4) violation of the federal Magnusson-Moss Act. (See RJN, Ex. C at 1-4.) Oquendo claims to represent a class of persons who have purchased new 2014 Jeep Cherokee vehicles in New Jersey, New York, Delaware, and Connecticut and have experienced similar transmission problems. (Id. ¶ 6.)

---

[4] On July 1, 2015, Defendant removed the action to the U.S. District Court for the District of New Jersey. (See RJN, Ex. A.)

Defendant argues this action should be transferred to the District of New Jersey pursuant to the first-to-file rule because Oquendo involves similar parties and similar issues, and was chronologically filed first.  (Mot. to Transfer at 8-12.)

**2.     Plaintiffs' Contentions**

Plaintiffs respond that the first-to-file rule is inapplicable here.  Plaintiffs concede Oquendo was chronologically filed before this action and involves similar legal issues.  (Opp. to Mot. to Transfer at 3.)  Nonetheless, Plaintiffs argue the first-to-file rule does not apply here because the parties in the two actions are not substantially similar.  (Id. at 3-5.)  While Defendant is a party to both actions, Plaintiffs are not parties in the Oquendo action.  (Id. at 4.)  Moreover, Plaintiffs argue, the putative class in Oquendo is different from that in this action.  (Id.)  The putative class in Oquendo encompasses persons who purchased Defendant's vehicles in various states outside of California, whereas the putative class here is comprised of persons who have purchased Defendant's vehicles in California.[5]  (Id.)  Hence, because of the

---

[5] Moreover, Plaintiffs note the putative classes in the two actions differ because the putative class in this action consists of

differences in the parties involved in both actions, Plaintiffs oppose Defendant's request to transfer this case. (Id.)

Plaintiffs also argue the equities weigh against transferring this action. (Id. at 5-7.) First, Plaintiffs note that while the legal issues raised by the two actions are similar, this action raises several claims under California law, while the Oquendo action raises claims under New Jersey law. (Id. at 6-7.) Plaintiffs argue that because the applicable law governing these claims differs materially, transfer of this action "will not result in any judicial resources being significantly conserved." (Id. at 7.) Second, Plaintiffs note that the plaintiffs in this action all reside in California and argue it would be more convenient for discovery for this action to take place in California rather than in New Jersey. (Id.) Lastly, Plaintiffs claim Defendant's Motion to Transfer is premature because there is a pending Motion to Dismiss before the Court in the Oquendo action which may result in its dismissal. (Id.)

---

persons in California who specifically purchased vehicles equipped with a "ZF 9H Automatic Transmission." (Opp. to Mot. to Transfer at 4.)

### 3. Analysis

The parties agree two of the requirements for application of the first-to-file rule are satisfied here. First, both parties agree the Oquendo action was chronologically filed prior to this action. Second, the parties agree both actions raise similar issues: the parties in both actions assert analogous legal claims concerning similar defects in the transmission of Defendant's vehicles. The parties disagree only as to the third requirement for the first-to-file rule: namely, whether the parties to both the earlier- and later-filed actions are "substantial[ly] similar[]." Adoma, 711 F. Supp. 2d at 1147. Here, while the named plaintiffs and putative classes in both actions are mutually exclusive, Defendant is the sole defendant in both this action and the Oquendo action.

Plaintiffs argue the Court should find the parties to the two actions are not "substantially similar" and cites, among other authorities, two district court decisions for the proposition that two class actions possessing mutually exclusive classes do not have "substantially similar" parties for purposes of the first-to-file rule. See

Wilkie v. Gentiva Health Servs., Inc., No. CIV. 10-1451 FCD/GGH, 2010 WL 3703060, at *4 (E.D. Cal. Sept. 16, 2010) (finding two putative class actions against the same defendant did not have substantially similar parties where it was unclear whether the putative classes overlapped); Gardner v. GC Servs., LP, No. 10-CV-997-IEG(CAB), 2010 WL 2721271, at *5 (S.D. Cal. July 6, 2010) (finding two putative class actions did not have substantially similar parties where there was "no overlap at all, much less 'substantial overlap'" between the putative classes).

In response, Defendant cites Cadenasso v. Metro. Life Ins. Co. See No. 13-CV-05491-JST, 2014 WL 1510853, at *10 (N.D. Cal. Apr. 15, 2014).  In Cadenasso, a district court granted a motion to transfer under circumstances similar to those here.  In Cadenasso, the district court considered a motion to transfer a putative class action in the Northern District of California to the Southern District of Florida because of a related class action that had been filed in Florida.  Id. at *10.  Both the California and Florida class actions raised claims under the federal Junk Fax Prevention Act of 2005 ("JFPA") against the same four defendants.  Id. at *1-3.  As here, the classes in both actions were

11

mutually exclusive: the class in the Florida action consisted exclusively of Missouri residents whereas the class in the California action was comprised of persons from the remaining 49 states.  Id. at *10.  Nonetheless, the district court applied the first-to-file rule and transferred the California action, finding the commonality of the defendants in the two actions and the nearly identical issues involved rendered the actions sufficiently similar.  Id. at *11 ("Courts in the Ninth [Circuit] have adopted a flexible approach in evaluating the similarity of the parties in a 'first-to-file' rule analysis.").

The Courts finds the reasoning in Cadenasso persuasive here.  Here, as in Cadenasso, the earlier- and later-filed actions involve the same defendant and involve nearly identical issues.[6]  Hence, the Court

---

[6]     Furthermore, Gardner and Wilkie – two decisions cited by Plaintiffs – do not necessarily suggest that the first-to-file rule is inapplicable whenever there is no overlap in the classes involved in two related actions.  The district courts in Gardner and Wilkie found the first-to-file rule inapplicable because, unlike here and unlike in Cadenasso, *both* the issues raised and the classes involved in the actions were dissimilar.  See Wilkie, 2010 WL 3703060, at *4-5; Gardner, 2010 WL 2721271, at *5-6.

12

concludes this action and the Oquendo have sufficiently similar parties to satisfy the third requirement for application of the first-to-file rule.

Moreover, the Court finds Plaintiffs' discussion of the equities unpersuasive. First, while the legal claims asserted by the parties in this action and the Oquendo action do differ in some respects, this does not by itself require that the action not be transferred given the broader similarities in the alleged misconduct challenged by both actions. See Herrera v. Wells Fargo Bank, N.A., No. C 11–1485-SBA, 2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011) (holding that two actions were "substantially similar" because, although the legal theories they raised differed, they accused a defendant of "the same alleged practice"). Second, issues involving the convenience of the parties are matters for the court in the first-filed action to decide. See Alltrade, 946 F.2d at 628 ("As for the respective convenience of the two courts, normally this argument should be addressed to the court in the first-filed action.") Lastly, the fact that a dispositive motion is currently pending in the Oquendo action does not significantly weigh against transfer, as there will always remain a possibility the action will be dismissed at the pretrial stage.

Accordingly, the Court GRANTS Defendant's Motion to Transfer.

B.  **Defendant's Motions to Dismiss**

As noted above, the Court GRANTS Defendant's Motion to Transfer. Accordingly, Defendant's Motions to Dismiss are DENIED as moot.

IV.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer is GRANTED and Defendant's Motions to Dismiss are DENIED. This action is hereby transferred to the District of New Jersey.

**IT IS SO ORDERED.**

Dated:  1/11/16

Virginia A. Phillips
United States District Judge