**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DOLORES GRANILLO, *et al.*,

            Plaintiffs,

v.

FCA US LLC,

            Defendant.

Civil Action No. 3:16-cv-153-FLW-DEA

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

The parties have entered into a Class Action Settlement Agreement ("Settlement"), which if approved, would resolve this putative class action. Plaintiffs have filed a motion for preliminary approval of the Settlement, which FCA US LLC supports. The Court has read and considered the Settlement and all exhibits thereto, including the proposed Class Notice, and finds there is a sufficient basis for (i) certifying the proposed class for settlement purposes, (ii) granting preliminary approval of the Settlement, (iii) directing that notice be disseminated to the class as set forth in the Settlement, and (iv) setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

### Preliminary Approval Of The Settlement

1.    The Court preliminarily approves the proposed Settlement, finding that its terms appear fair, reasonable, and adequate. The Court further finds that the parties entered into the Settlement in good faith, following arm's-length negotiations between their respective counsel and with the assistance of a neutral mediator.

2.      The Court appoints Plaintiffs Dolores Granillo, Albert Granillo, and Desiree Nava as Class Representatives, and Capstone Law APC and Law Offices of Howard A. Gutman as Class Counsel.

3.      The Court appoints Dahl Administration as the Settlement Administrator.

4.      This Order incorporates by reference the definitions in the Settlement, and the terms used in this Order shall have the defined meanings set forth in the Settlement.

## Certification Of The Settlement Class

5.      The Court certifies the following settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals who purchased or leased new, in the United States, for family, household, or personal use, and still own, one of the following vehicles equipped with a 9 Speed ZF 9HP Automatic Transmission:  model-years 2014 and 2015 Jeep Cherokee; model-year 2015 Jeep Renegade; model-year 2015 Chrysler 200; and model-year 2015 ProMaster City.

Excluded from the Class are the judicial officer assigned to this case and those individuals who: (i) have negotiated a settlement of a claim or lawsuit related to the 9 Speed transmission in their vehicle, (ii) have already litigated a claim related to the 9 Speed transmission to judgment, (iii) have a Lemon Law, warranty, and/or consumer fraud claim currently pending relating to the 9 Speed transmission, or (iv) are employees of Class Counsel.

6.      The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met.  Joinder of all members of the class in a single proceeding would be impractical, if not impossible, because of the number of Class Vehicles sold, and their dispersion, nationwide.  Common questions of law and fact exist among the Class Members and predominate over questions affecting only individual Class Members; in particular, the Class Members' Claims depend on whether the 9 Speed ZF 9HP automatic transmissions installed in

the Class Vehicles were defective. Plaintiffs' Claims are typical of those of the Class because Plaintiffs bought Class Vehicles and complain of the same defect that forms the basis of the Class Members' Claims. Finally, Plaintiffs and their counsel will fairly and adequately protect the interests of the Class. Plaintiffs have no interests antagonistic to those of the Class, have participated in discovery and otherwise fulfilled their obligations as class representatives, and have retained counsel experienced and competent to prosecute this matter on behalf of the Class.

7.      A class settlement is superior to other available methods for a fair resolution of the Claims considering the amount in controversy, cost of litigation, and relative absence of individual suits.

### Form And Procedure For Disseminating Class Notice

8.      The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Class as set forth in the Settlement. The Court finds that the Class Notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

9.      Within twenty-one (21) days of entry of this Order, FCA US shall provide to the Settlement Administrator all available names and mailing address information for original purchasers of each Class Vehicle for which FCA US does not have a record of the Class Vehicle being re-sold, along with those Class Vehicles' VINs. The Settlement Administrator shall also conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Members.

10.     Within 30 days of receiving such information, Dhal shall mail each identified Class Member a Class Notice substantially in the form attached hereto as **Exhibit 1.**

- 3 -

11.     The Settlement Administrator shall maintain a dedicated website where Class Members can receive additional information about the Litigation and Settlement. The website shall include a long-form notice substantially in the form attached hereto as **Exhibit 2.** The website shall also include, at a minimum, copies of the Settlement, this Order, Class Notice, Claim Form, and the operative complaint. The Settlement Administrator shall also maintain a toll-free number for an interactive voice recording service allowing Class Members to request a paper copy of the long-form notice and/or Claim Form.

12.     The Settlement Administrator shall cause the Class Notice to be disseminated to Class Members as set forth in the Agreement within 51 days after the date that this Order is entered.

13.     No later than 10 days before the final approval hearing, the Settlement Administrator shall provide an affidavit for the Court, with a copy to counsel of record, attesting that notice to the Class was disseminated in a manner consistent with this Order.

14.     As agreed by the parties, FCA US shall bear the costs and expenses in connection with providing notice to the class, complying with 28 U.S.C. § 1715(b), and administering the proposed settlement.

15.     The parties may make non-material modifications to the Class Notice, claim form, and long-form notice prior to publication if the parties jointly agree on the modification to be made.

## Confidentiality

16.     The names and addresses provided to the Settlement Administrator shall not be used for any purpose other than for providing the written notice identified herein, and shall be treated as private and confidential information and not disseminated, in any manner, to anyone

- 4 -

other than the Settlement Administrator. Such information shall be treated as private, confidential, and proprietary.

      17.     The Settlement Administrator shall keep the consumer identifying information provided to it by FCA US private and confidential, sharing it only with the counsel of record in this Litigation as necessary for the full and complete dissemination of notice.

### Requesting Exclusion From The Class

      17.     Any Class Member shall have the right to opt out of the Class and the Settlement by mailing or delivering a written request for exclusion to the Settlement Administrator. A Class Member may not exclude themselves by phone or by email. Any request for exclusion must be postmarked or delivered not later than January 2, 2019.

      18.     Any request for exclusion shall (i) contain the caption and docket number of this Litigation, (ii) state the requester's full name and current address (iii) provide the model, model-year, and VIN of the requester's Class Vehicle(s), (iv) the approximate date(s) of purchase or lease, and (v) specifically and clearly state the requester's desire to be excluded from the Settlement and from the Class. The request for exclusion must also be signed and dated by the requester, either by hand or using a recognized e-signature program. If the requester is represented by counsel, the request must also be signed by the requester's counsel.

      19.     No request for exclusion will be valid unless it is in complete accordance with this Order's deadlines and specifications. A failure to comply with the requirements for the contents of the request for exclusion, or to timely submit it, will result in the Class Member being bound by the terms of the Settlement.

20.     Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement.

21.     The Settlement Administrator shall report the names of all individuals who have submitted a request for exclusion to counsel of record no later than 55 days after the mailing of the Class Notice.

## Objecting to the Settlement

22.     Any Class Member who wishes to object to the Settlement must mail or deliver a written notice of objection to the Settlement Administrator.  A Class Member may not submit their objection by phone or by email.  Any objection must be postmarked or delivered no later than 45 days after the mailing of the Class Notice, or January 2, 2019 [96 days from date of Order].

23.     To state a valid objection to the Settlement, the objecting Class Member must provide the following information in the written objection: (i)  the caption and docket number of this Litigation, (ii) the objector's full name, address, and telephone number, (iii)  the model, model-year, and VIN of the Class Vehicle(s) owned by the objector, (iv) the approximate date(s) of purchase or lease and proof of current ownership of the objector's Class Vehicle(s), (v) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), and (vi) copies of any other documents the objector wishes to submit in support. The notice of objection must also be signed and dated by the objector, either by hand or using a recognized e-signature program.  If the objector is represented by counsel, the objection must also be signed by the objector's counsel.

24.     In addition, any Class Member objecting to the Settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class

- 6 -

action settlements, whether state, federal, or otherwise, in the United States in the previous 5 years. If no such objections have been made, the same should be affirmatively stated in writing and submitted with the written notice of objection.

25.     If the objecting Class Member intends to appear, in person or by counsel, at the final approval hearing held by the Court, that intention should be affirmatively stated in writing and submitted with the written notice of objection. The identity of any attorney who will appear at the final approval hearing on the objecting Class Member's behalf must also be provided with the written notice of objection.

26.     Any objecting Class Member who has not expressed in writing an intention to appear at the final approval hearing, or who has not filed an objection in complete accordance with this Order's deadlines and specifications, will be deemed to have waived any objections to the Settlement, and may be barred from speaking or otherwise presenting any views at the Court's final approval hearing.

27.     The submission of a written notice of objection allows Class Counsel or counsel for FCA US to notice and take the objecting Class Member's deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location. Class Counsel or counsel for FCA US may, in accordance with the rules, seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to appear for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying the objecting Class Member the opportunity to be heard. The Court may tax the costs of any such discovery to the objecting Class Member or the objecting Class Member's counsel should the Court determine that the objection is frivolous or made for improper purpose.

28.     These procedures and requirements for objecting are intended to ensure the

efficient administration of justice and the orderly presentation of any Class Member's objection

to the Settlement Agreement in accordance with the due process rights of all Class Members.

**Final Approval Hearing and Briefing Schedule**

29.     A hearing on the entry of final approval of the Settlement, an award of fees and

expenses to Class Counsel, and service awards to the class representatives shall be held on

February 13 , 2019 at 10 am in Courtroom 5E of the Clarkson S. Fisher Building & U.S.

Courthouse, located at 402 East State Street in Trenton, New Jersey 08608.

30.     At the final approval hearing, the Court will consider (i) whether the Settlement

should be finally approved as fair, reasonable, and adequate for the class, and judgment entered

on the terms stated in the Settlement and (ii) whether Plaintiffs' application for an award of

attorney fees, costs, and service awards should be granted.

31.     Plaintiffs shall file their motion for final approval of the Settlement, and any

supporting memoranda, declarations, or other statements and materials, no later than 7 days after

the deadline to submit requests for exclusions and objections.

32.     Class Counsel shall file an application for an award of attorneys' fees and costs

and for service awards for the Class Representatives no later than 7 days after the deadline to

submit requests for exclusions and objections.

33.     FCA US shall file any response to Plaintiffs' motion for final approval of the

Settlement and Class Counsel's application for attorneys' fees and costs and for service awards

no later than 14 days after the motion and application are filed.

34.     The parties shall file any reply in support of final approval of the Settlement, and

Class Counsel shall file any reply in support of their application for the award of attorneys' fees,

- 8 -

costs, and service awards, no later than 7 days after FCA US files its response as set forth in Paragraph 33.

35.     The Court reserves the right to adjust the date of the final approval hearing and related deadlines.  In that event, the revised hearing date or deadlines shall be posted on the website referred to in the Class Notice.  The parties shall not be required to re-send or re-mail notice to the Class of any such date adjustment.

SO ORDERED.

Dated:   9/28/18

Hon. Freda L. Wolfson
United States District Court Judge

# EXHIBIT 1

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

If you purchased or leased new a **2014 or 2015 Jeep Cherokee, a 2015 Jeep Renegade, a 2015 Chrysler 200 or a 2015 ProMaster City equipped with a 9 Speed ZF 9HP Automatic transmission ("Class Vehicle")**, a proposed class action settlement may affect your rights.

### FOR COMPLETE INFORMATION, PLEASE VISIT [Settlement Website]

**You may also request a paper copy of the long-form notice by calling 800-xxx-xxxx.**

**Settlement Benefits:**

(1) Warranty Extension:  If you own/lease a Class Vehicle and do not opt out of the settlement class (see below), the transmission on your vehicle will be covered by an extended warranty for up to 6 years or 100,000 miles, whichever is earlier.

(2) Cash Payment or Trade-in Voucher:  You may be entitled to a cash payment of up to $2,000 or a trade-in voucher worth up to $4,000 if you can show that you made 3 or more transmission-related complaints to an FCA US dealership about rough, delayed or sudden shifting, grinding noise during shifting, harsh engagement of gears, or reduced power when shifting.  Details about claims can be found at the Settlement website or in the long-form notice.

**To Opt-Out:**  If you do not wish to participate in the proposed Settlement, you must exclude yourself on or before _____, 2018.  Please visit [Settlement Website/opt-out] for more information.

**To Object**:  If you wish to object to the proposed settlement, you must take specific steps on or before _____, 2018.  Please visit [Settlement Website/object] for more information.

The Court's final fairness hearing on the Settlement will take place on _____, 2018, and will include consideration of Class Counsel's application for fees and costs of $1,250,000, to be paid by Defendant. If the Court approves the Settlement, which excludes claims for personal injury and property damage, you will not be able to sue individually for similar claims if you remain in the class.  See <settlement website> for more details.

Granillo v. FCA US LLC
Settlement Administrator
P.O. Box _____
City/State/Zip

## Official Notice Approved by the United States District Court

Class Member Name
Class Member Address
City/State/Zip

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
*GRANILLO, ET AL. v. FCA US LLC,* CASE NO. 3:16-CV-153

# If you bought or leased a new model-year 2014 or 2015 Jeep Cherokee, 2015 Jeep Renegade, 2015 Chrysler 200, or 2015 ProMaster City, a proposed class action settlement may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

The parties to this class action are seeking court approval of a proposed settlement involving certain automatic transmissions in model-year 2014 and 2015 Jeep Cherokee, 2015 Jeep Renegade, 2015 Chrysler 200, and 2015 ProMaster City vehicles ("Class Vehicles"). Under the settlement, FCA US agrees to provide a cash payment or trade-in voucher to vehicle owners and lessees who can demonstrate they made at least three transmission-related complaints to an FCA US authorized dealer on or before _____, 2018. FCA US has also agreed to extend the warranty covering the 9 Speed ZF 9HP automatic transmission of these vehicles. *The court must still determine whether it will approve the settlement and its benefits.*

Your legal rights and options—and the deadlines to exercise them—are explained in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **I WANT TO RECEIVE SETTLEMENT BENEFITS** | **To receive a cash payment or trade-in voucher,** you must submit a completed claim form along with documentation from an FCA US dealership showing *at least three* transmission-related complaints.<br><br>**The extended warranty provided under the settlement will apply to your Class Vehicle without any action from you.**<br><br>See Sections 7 through 13 for more information. |
| **I WANT TO BE EXCLUDED** | **You may give up the right to receive the benefits of this settlement.** This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case.<br><br>See Sections 14 through 16 for more information. |
| **I OBJECT TO THE SETTLEMENT TERMS** | **You may tell the Court if you don't like the settlement.** You must remain a member of the Class (you cannot ask to be excluded) to object.<br><br>See Sections 20 through 21 for more information. |
| **I WANT TO DO NOTHING** | **If you choose to do nothing, you will be bound by the settlement.** You will be part of the Class and receive the benefit of the extended warranty. You will give up your rights to sue FCA US about the same or similar legal claims at issue in this lawsuit.<br><br>See Section 25 for more information. |

Questions? Visit |Settlement Website| For More Information.
*GRANILLO, ET AL. V. FCA US LLC,* NO: 3:16-CV-153

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information** ................................................................................................. 3
    1.    Why did I get this notice?
    2.    What is this lawsuit about?
    3.    Why is this lawsuit a class action?
    4.    Why is there a settlement?

**Who Is Part Of The Settlement?** .......................................................................... 4
    5.    How do I know if I am part of the settlement?
    6.    I'm still not sure if I am included.

**Settlement Benefits—What You Get** ..................................................................... 4
    7.    What does the settlement provide?
    8.    How do I submit a claim?
    9.    What happens if I do not send the claim form, or miss the deadline to submit?
    10.    What happens if my claim is approved?
    11.    What happens if my claim is denied?
    12.    How do I claim the extended warranty?
    13.    What am I giving up to stay in the Class and receive settlement benefits?

**Excluding Yourself From The Settlement** ............................................................ 7
    14.    What if I don't want to take part in this settlement?
    15.    If I don't exclude myself, can I sue later?
    16.    If I exclude myself, can I get the benefits of this Settlement?

**The Lawyers Representing You** ............................................................................ 8
    17.    Do I have a lawyer in this case?
    18.    Should I get my own lawyer?
    19.    How will the lawyers be paid and will the Class Representatives be paid?

**Objecting To The Settlement** ............................................................................... 8
    20.    How do I tell the Court if I don't like the settlement?
    21.    What is the difference between objecting and excluding myself?

**The Court's Fairness Hearing** ............................................................................. 9
    22.    When and where will the Court decide to approve the settlement?
    23.    Do I have to come to the hearing?
    24.    May I speak at the hearing?

**If You Do Nothing** .............................................................................................. 10
    25.    What happens if I do nothing at all?

**Additional Information** ........................................................................................ 10
    26.    Are there more details about the settlement?
    27.    How do I get more information?

Questions?  Visit [Settlement Website] For More Information.
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

## BASIC INFORMATION

### 1.   Why did I get this notice?

You got this notice because you may have purchased or leased new, and still own, a model-year 2014 or 2015 Jeep Cherokee, 2015 Jeep Renegade, 2015 Chrysler 200, or 2015 ProMaster City vehicle equipped with a 9 Speed ZF 9 HP automatic transmission. These vehicles are collectively referred to as the "Class Vehicles."

You have a right to know about the proposed settlement of this class action and your options before the Court decides whether to approve the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for benefits, and how to get them.

The Court in charge of the case is the United States District Court for the District of New Jersey and the case is known as *Granillo, et al v. FCA US LLC*, Case No. 3:16-cv-153. The people who sued are called Plaintiffs and the company they sued, FCA US LLC (formerly known as Chrysler Group LLC), is called the Defendant.

### 2.   What is this lawsuit about?

This lawsuit is a class action in which it is alleged that the 9 Speed ZF 9HP automatic transmission installed in the Class Vehicles is defective because the transmission may engage in rough, delayed, or sudden shifting, emit a grinding noise during shifting, or experience a harsh engagement of gears or reduced power when the vehicle shifts into gear. Plaintiffs alleged that FCA US violated the law by selling the Class Vehicles with the defective transmission and by failing to disclose the defect to consumers. FCA US denies that the transmissions are defective and denies that it did anything wrong.

You can get more information about this case and the progress of the proposed settlement at [Settlement Website].

### 3.   Why is this lawsuit a class action?

In a class action, one or more persons called Class Representatives (in this case Dolores Granillo, Albert Granillo, and Desiree Nava) sue on behalf of other people who have similar claims. All of these people form a Class and are called Class Members. One court resolves the claims for all Class Members, except for those who exclude themselves from the Class. U.S. District Court Judge Freda L. Wolfson is in charge of this class action.

### 4.   Why is there a settlement?

The parties agreed to a settlement to resolve the claims and avoid the risks and cost of a trial. The Court did not decide in favor of either Plaintiffs or FCA US. The Class Representatives and Class Counsel think the settlement is in the best interests of the Class.

Questions? Visit [Settlement Website] For More Information.
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

Page 3 of 10

## WHO IS PART OF THE SETTLEMENT

**5.    How do I know if I am part of the settlement?**

Judge Wolfson decided that the Class includes the following members:

> *All individuals who purchased or leased new, in the United States, for family, household, or personal use, and still own, one of the following vehicles equipped with a 9 Speed ZF 9HP Automatic Transmission: model-years 2014 and 2015 Jeep Cherokee; model-year 2015 Jeep Renegade; model-year 2015 Chrysler 200; and model-year 2015 ProMaster City.*

Excluded from the Class are the judicial officer assigned to this case and those individuals who: (1) have already negotiated a settlement of a claim or lawsuit related to the 9 Speed transmission in their vehicle; (2) have already litigated a claim related to the 9 Speed transmission to judgment; (3) have a Lemon Law, warranty, and/or consumer fraud claim currently pending relating to the 9 Speed transmission; or (4) are employees of Class Counsel.

**6.    I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information at [Settlement Website]. If you need help understanding your rights or the benefits this settlement provides, you can call Class Counsel identified in Section 17 of this notice.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**7.    What does the settlement provide?**

If you fall within the Class described in Section 5, and you do not exclude yourself from the settlement (as discussed in Sections 14 through 16), you may be eligible to receive the following benefits if the Court approves the settlement:

(1)    Cash Payment or Trade-In Voucher. If you can demonstrate three (3) or more transmission-related complaints made on or before the date that this class notice was mailed, you may be eligible to receive, at your election, either (i) a cash payment from FCA US, *or* (ii) a trade-in voucher to be used toward the purchase of a new FCA US vehicle, subject to certain conditions summarized in this Section.

You are entitled to a cash payment or trade-in voucher only if you can show that you made at least three (3) transmission-related complaints on or before _____, 2018. *A transmission-related complaint means a report you made to an FCA US dealership about one or more of the following symptoms in your Class Vehicle: rough, delayed, or sudden shifting; a grinding noise during shifting; harsh engagement of gears; or reduced power when the vehicle shifts into gear.*

Questions? Visit [Settlement Website] For More Information.
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

Page 4 of 10

The amount of compensation is set according to the following schedule, with the maximum amount capped at $2,000 in cash or a trade-in voucher valued at $4,000:

| Number of Transmission-Related Complaints | Cash Payment | Trade-In Voucher Value |
|---|---|---|
| 3 | $400 | $1,000 |
| 4-5 | $800 | $2,000 |
| 6 or more | $2,000 | $4,000 |

If you can show that you made at least three (3) transmission-related complaints on or before _____, 2018, you may submit subsequent transmission-related complaints that are made to an FCA US dealership after that date. These will be counted as transmission-related complaints for purposes of determining benefits, but only as follows: (i) all documented transmission-related complaints that an FCA US dealership verifies in writing as a condition which it was able to reproduce or otherwise attests to be a valid complaint; and (ii) one documented but unverified transmission-related complaint made to an FCA US dealership, meaning your complaint was not duplicated or otherwise found to be valid by an FCA US dealership. See Section 8 for more information about documentation.

The trade-in vouchers may be used in combination with other valid discount offers from FCA US or FCA US authorized dealerships. The trade-in vouchers will be transferrable and valid for one year from its date of issue.

(2)   Warranty Extension. FCA US is extending the warranty on the 9 Speed ZF 9HP automatic transmission of the Class Vehicles to 6 years or 100,000 miles on the odometer, whichever occurs first, calculated from the date the vehicle was first delivered. Except for the durational limits, the terms, conditions, and exclusions of the Powertrain Limited Warranty that covers the Class Vehicles shall apply. FCA US will provide notice to authorized dealerships of the extended warranty.

## 8.   How do I submit a claim?

If you can demonstrate at least three (3) transmission-related complaints on or before ____ _____, 2018 and want to submit a claim for a cash payment or trade-in voucher, you will need to send a completed claim form and your supporting documents to the Settlement Administrator. Your claim form must be complete, and your supporting documents must be genuine and legible copies of service records or similar documents from an FCA US authorized dealership showing each transmission-related complaint. FCA US retains the right to reject any documentation that cannot be validated. If you do not have access to, or cannot obtain, these documents, you may submit a written statement attesting to the date on which, and the FCA US authorized dealership where, the transmission-related complaint was made. The attestation will be subject to confirmation and verification by FCA US.

A copy of the claim form is available at [Settlement Website]. You may also call Dahl Administration at (888) xxx-xxxx to request that a copy of the claim form be mailed to you.

Questions? Visit [Settlement Website] For More Information.
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

Page 5 of 10

You must complete all sections of the claim form, and sign it under penalty of perjury, which will attest to the authenticity of the claim and the documents you provide. Your signature also verifies that you have continually owned or leased the Class Vehicle as an original owner or lessee.

You must then either mail or email the completed and signed claim form with all supporting documents to:

> **_Granillo v. FCA US_ CLAIMS**
> c/o Dahl Administration          or          [email address]
> P.O. Box 3614
> Minneapolis, MN 55403-0614

The claim form must be submitted within 90 days of the Court entering its final order and judgment approving the settlement or the exhaustion of all appellate remedies (whichever is later). If you submit your claim by mail, your claim form must be postmarked, or bear a date entered by a recognized delivery service, on or before that 90th day. Claims submitted by email must be received on or before that 90th day.

### 9. What happens if I do not send the claim form, or miss the deadline to submit?

If you do not submit the claim form and supporting documents by the required deadline, you will not qualify for compensation. A claim form that is sent late or that is incomplete will be the same as doing nothing.

### 10. What happens if my claim is approved?

If the Settlement Administrator approves your claim, the cash payment or trade-in voucher, whichever you chose, will be sent to you within 60 days of the close of the claim period. Information about the progress of the case will be available at [Settlement Website].

### 11. What happens if my claim is denied?

If the Settlement Administrator denies your claim, you will be mailed a form that explains the decision.

If the Settlement Administrator denies your claim in part, (for instance, only a partial amount of the claimed cash payment or trade-in voucher was approved because not each transmission-related complaint was substantiated or could be verified), the cash payment or trade-in voucher you chose and for which you qualify will be sent to you within 60 days of the close of the claim period. You will receive a form that explains the decision.

### 12. How do I claim the extended warranty?

You don't have to claim the extended warranty. FCA US will notify authorized dealerships of

Questions? Visit [Settlement Website] For More Information.
_GRANILLO, ET AL. V. FCA US LLC_, NO: 3:16-CV-153

Page 6 of 10

the extended warranty and its applicability to the Class Vehicles. You are not required to submit a claim form or do anything else to receive this benefit.

### 13.   What am I giving up to stay in the Class and receive settlement benefits?

Unless you exclude yourself, you are staying in the Class, which means that you can't sue, continue to sue, or be part of any other lawsuit about the same legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14.   What if I don't want to take part in this settlement?

To exclude yourself from the settlement, you must send a letter by U.S. mail (or express mail carrier) saying that you want to be excluded from the Class in *Granillo, et al v. FCA US LLC*, No. 3:16-cv-153. Be sure to include (i) your full name and current address, (ii) the model, model-year and vehicle identification number (VIN) of your Class Vehicle(s) and approximate date(s) of purchase or lease, and (iii) specifically and clearly state your desire to be excluded from the Settlement Agreement and from the Class. The letter must be signed by you and, if you are represented by counsel, it must also be signed by your counsel. Your exclusion request must be postmarked no later than _____, 2018, and mailed to:

***Granillo v. FCA US* EXCLUSIONS**
c/o Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403-0614

**You cannot exclude yourself on the phone or by e-mail.** If you submit your request to be excluded by U.S. mail or express mail on time, you will not be legally bound by anything that happens in this lawsuit. However, you will also not be entitled to any benefits of the settlement and you cannot object to the settlement.

### 15.   If I don't exclude myself, can I sue later?

No. If you remain in the Class, you give up your right to sue FCA US for the claims that this settlement resolves. If you have a pending lawsuit against FCA US, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2018.

### 16.   If I exclude myself, can I get the benefits of this Settlement?

No. If you exclude yourself from the Class you will not be eligible to participate in this settlement and receive benefits.

Questions? Visit [Settlement Website] For More Information.
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

## THE LAWYERS REPRESENTING YOU

### 17.   Do I have a lawyer in this case?

The Court has decided that Jordan L. Lurie and Tarek H. Zohdy of Capstone Law APC and Howard A. Gutman are qualified to represent you and all Class Members. These lawyers and their law firm are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. You can contact Class Counsel by telephone at (310) 556-4811 or by email at _____.

### 18.   Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one at your own expense.

### 19.   How will the lawyers be paid and will the Class Representatives be paid?

Class Counsel will ask the Court to award not more than $1,260,000 to pay for attorneys' fees and costs. This amount will include two service awards in the amount of $5,000 each to Dolores Granillo and Albert Granillo jointly, and Desiree Nava individually. The Court may award less than these amounts. The fees, expenses, and service awards that the Court awards will be paid separately by FCA US. These amounts will not come out of the funds for payments to Class Members. FCA US will also separately pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

### 20.   How do I tell the Court if I don't like the settlement?

If you are a Class Member, you can object to the settlement and ask the Court not to approve it. To object to the settlement, you must send your objection in writing to the following address on or before _____, 2018, telling the Court explicitly that you object to the settlement and why:

<strong><em>Granillo v. FCA US</em> OBJECTIONS</strong><br>
c/o Dahl Administration<br>
P.O. Box 3614<br>
Minneapolis, MN 55403-0614

Your objection must include (i) your full name, current address, and current telephone; (ii) the model, model year, and vehicle identification number (VIN) of your Class Vehicle(s); (iii) the date(s) you acquired your Class Vehicle(s) and proof of ownership; (iv) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position; (v) copies of any other documents you wish to submit in support of your position; and (vi) your signature and the date. In addition, you must provide a detailed list of any other objections submitted by you or your counsel to any class action settlements submitted in any court in the

Questions?  Visit [Settlement Website] For More Information.<br>
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

Page 8 of 10

previous five (5) years. If you or your counsel have not objected to any other class action settlements in any court in the United States in the previous five (5) years, you must state that affirmatively in the written materials you provide with your objection.

If you lodge an objection, Class Counsel or counsel for FCA US may take your deposition, consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and seek any documentary evidence or other tangible things that are relevant to the objection. If you fail to make yourself available for a deposition or comply with discovery requests, the Court may strike your objection and otherwise deny you the opportunity to be heard. The Court may tax the costs of any such discovery to you or your counsel should the Court determine that your objection is frivolous or made for an improper purpose.

## 21. What is the difference between objecting and excluding myself?

Objecting means telling the Court that you, as a Class Member, do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself means telling the Court that you do not want to be part of the Class and the settlement. If you exclude yourself, you cannot object because the lawsuit no longer affects you.

## THE COURT'S FAIRNESS HEARING

## 22. When and where will the Court decide to approve the settlement?

The Court will hold a fairness hearing at 2:00 p.m. on _____, 2018, in Courtroom 5E of the United States District Court for the District of New Jersey, located at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them, and it may listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel or whether to approve the service awards. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make its decision.

## 23. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have, but you are welcome to attend at your own expense.

## 24. May I speak at the hearing?

If you would like to speak at the hearing about your objections to the settlement, you must add to your written objection a statement that you intend to appear at the fairness hearing. If you intend to appear at the fairness hearing through counsel, your objection must also state the identity of all attorneys representing you who will appear at the fairness hearing. You cannot speak at the hearing if you exclude yourself.

Questions? Visit |Settlement Website| For More Information.
*GRANILLO, ET AL. V. FCA US LLC*, NO: 3:16-CV-153

Page 9 of 10

## IF YOU DO NOTHING

### 25.   What happens if I do nothing at all?

If you do nothing, you will be part of the Class and be entitled to the benefits under the settlement.  You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against FCA US about the legal issues in this case, ever again.

## ADDITIONAL INFORMATION

### 26.   Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the parties' formal settlement agreement.  You can get a paper copy of the settlement agreement by visiting [Settlement Website].  If you do not have access to the internet, you can request a copy of the agreement by calling (888) xxx-xxxx.

### 27.   How do I get more information?

You can find more information about this litigation and settlement at [Settlement Website], where updates regarding the case will be available.  You may also call Class Counsel with questions.

Questions?  Visit [Settlement Website] For More Information.
*GRANILLO, ET AL. V. FCA US LLC,* No: 3:16-cv-153

Page 10 of 10